TAGGED OPINION



**ORDERED in the Southern District of Florida on June 7, 2022.**

_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

BAL HARBOUR QUARZO, LLC                    Case No. 18-11793-SMG
a/k/a Synergy Capital Group, LLC,
a/k/a Synergy Investments Group, LLC,      Chapter 11

      Debtor.

_____/

DREW M. DILLWORTH, as Trustee,

      Plaintiff,

v.                                          Adv. No. 20-1079-SMG

CARLOS ELIAS MAHECHA DIAZ,
MARIA ANASTASIA CASAS MATIZ,
FELIPE MAHECHA CASAS, and
CAMILO E. MAHECHA,

      Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

Plaintiff, Drew M. Dillworth, moves the Court to strike five affirmative defenses, along with a purported reservation of rights and "catch-all" defense, raised by the defendants in their answer and affirmative defenses[1] to the plaintiff's amended complaint.[2] For the reasons discussed below, the Court will deny the motion to strike[3] as to all but one affirmative defense.

## Legal Standards

An affirmative defense is one that "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters."[4] Under Federal Rule of Civil Procedure 12(f),[5] "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[6] Courts have "broad discretion" to strike affirmative defenses, but doing so "is considered a drastic remedy and is often disfavored."[7] Where an affirmative defense "is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law," it must be stricken.[8] "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law."[9]

---

[1] ECF No. 127.
[2] ECF No. 117.
[3] ECF No. 137.
[4] *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989).
[5] Applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012.
[6] Fed. R. Civ. P. 12(f).
[7] *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1191 (S.D. Fla. 2019).
[8] *Id.* at 1191-92 (quoting *Northrop & Johnson Holding Co., Inc. v. Leahy*, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) and *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *2 (S.D. Fla. 2007)) (cleaned up).
[9] *Id.* at 1192 (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)).

Courts differ as to whether the heightened pleading standard set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*[10] and *Ashcroft v. Iqbal*,[11] apply to affirmative defenses.[12] This Court agrees with those cases holding that the heightened pleading standard of *Twombly* and *Iqbal* <u>does not</u> apply to affirmative defenses.[13] Thus, "so long as Defendants' affirmative defenses give Plaintiffs notice of the claims Defendants will litigate, the defenses will be appropriately pled under Rules 8(b) and (c)."[14]

## <u>Analysis</u>

The plaintiff moves to strike the defendants' first, second, third, fourth, fifth, and twenty-eighth affirmative defenses, which raise the following: (i) failure to state a claim upon which relief can be granted; (ii) lack of standing to recover transfers made by Synergy Capital Group, LLC and Synergy Investments Group, LLC (together, the "Synergy Entities"); (iii) lack of standing to pursue claims of specific creditors; (iv) to the extent the relief sought requires extraterritorial application of Bankruptcy Code sections 548 or 550, the relief sought should be barred or otherwise precluded; (v) lack of personal jurisdiction over the defendants; and (vi) a "catch all" affirmative defense and purported reservation of rights to assert additional defenses.

---

[10] 550 U.S. 544 (2007).

[11] 556 U.S. 662 (2009).

[12] *Compare Dionisio*, 391 F. Supp. 3d at 1193 (*Twombly* and *Iqbal* do not apply to affirmative defenses); *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *1 (S.D. Fla. 2013) (Rosenbaum, J.) (same); *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (same), *with Progressive Express Ins. Co. v. Star Painting & Waterproofing, Inc.*, 333 F.R.D. 600, 601 (S.D. Fla. 2019) ("affirmative defenses are subject to the same pleading scrutiny imposed by Rule 8(a) and *Twombly / Iqbal*"); *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) (same).

[13] *See, e.g., Dionisio*, 391 F. Supp. 3d at 1192; *Ramnarine*, 2013 WL 1788503, at *1; *Jackson*, 269 F.R.D. at 662.

[14] *Ramnarine*, 2013 WL 1788503, at *3.

The plaintiff's primary argument is that each of the five substantive affirmative defenses were "disposed of" by the Court's December 3, 2021 *Order Granting in Part and Denying in Part Motions to Dismiss, Denying as Moot Motion for Leave to Amend Complaint, and Granting Leave to Further Amend Complaint*[15] and the plaintiff's amended complaint filed thereafter.[16] The plaintiff next argues that these five substantive defenses "are not legally recognizable affirmative defenses."[17] And the plaintiff argues that the reservation of rights defense should be stricken because there is no rule of procedure that permits such a reservation.[18] Rather, the ability to amend a pleading (e.g., to raise additional affirmative defenses) is governed by Rules 12(b), 15(a)-(d), and 16(b) of the Federal Rules of Civil Procedure.[19]

By granting in part and denying in part the defendants' motion to dismiss the original complaint – but granting the plaintiff leave to file an amended complaint – the Court did not dispose of any of these issues on the merits. For the issues other than personal jurisdiction, the Court was only ruling on the sufficiency of the original complaint. And with respect to personal jurisdiction, the Court ruled only that the plaintiff sustained his initial burden of making a prima facie case for personal jurisdiction, and that the moving defendants failed to satisfy their burden to rebut those allegations.[20] The Court did not conclusively determine that it has personal

---

[15] *Dillworth v. Mahecha Diaz (In re Bal Harbour Quarzo, LLC)*, 634 B.R. 827 (Bankr. S.D. Fla. 2021); ECF No. 112.
[16] ECF No. 117.
[17] ECF No. 137, at 6.
[18] ECF No. 137, at 7.
[19] *Id.*
[20] *Bal Harbour Quarzo*, 634 B.R. at 833.

jurisdiction over the defendants; it only determined that the original complaint made an unrebutted prima facie case that there was personal jurisdiction over them. Certainly, there is nothing "insufficient," "redundant, immaterial, impertinent, or scandalous," in the defendants maintaining lack of personal jurisdiction in their affirmative defenses.[21] This affirmative defense adequately puts the plaintiff on notice that the defendants challenge personal jurisdiction and that this is an issue that will need to be resolved on the merits. Thus, the motion to strike this affirmative defense will be denied.

With respect to lack of "standing," the Court granted the defendants' motion to dismiss the original complaint on this issue, but with leave for the plaintiff to replead, which the plaintiff did here.[22] Having replead, the defendants again challenge the plaintiff's authority to avoid or recover transfers made by the non-debtor Synergy Entities, or to redress harm to specific creditors. Again, there is nothing "insufficient," "redundant, immaterial, impertinent, or scandalous," about these defenses.[23] They adequately put the plaintiff on notice of this issue, and therefore the motion to strike these affirmative defenses will be denied as well.

---

[21] *See* Fed. R. Civ. P. 12(f).

[22] *Bal Harbour Quarzo*, 634 B.R. at 836-837. It is important to note – as pointed out by the Court in its dismissal order – that the "characterization of this issue as one of 'standing,' is a misnomer. . . . The arguments concern a plaintiff's authority to bring these claims, not the justiciability of the claims." *Id.* at 834 n.35 (citing *Gierum v. Glick (In re Glick)*, 568 B.R. 634, 656 (Bankr. N.D. Ill. 2017)). This is an important distinction because – as argued by both parties with respect to the motion to strike the affirmative defenses – "standing" could implicate the Court's subject matter jurisdiction. But whether the plaintiff can seek to avoid or recover transfers made by the non-debtor Synergy Entities, or can seek to redress harm to specific creditors, goes to the plaintiff's authority to bring the claims – not whether they are justiciable and whether the Court has subject matter to adjudicate them.

[23] *See* Fed. R. Civ. P. 12(f).

In their motion to dismiss the original complaint, the defendants also argued that "to the extent Plaintiff is seeking to avoid or recover property transferred outside of the United States," the complaint fails to provide any basis for that relief. In response to that motion, however, the plaintiff made clear that he was not seeking to avoid the transfer of any property located outside the United States, and that the relief sought did not involve any extraterritorial application of sections 548 or 550 of the Bankruptcy Code. With that clarification – which was clear to the Court from the complaint itself – the Court determined that this argument was moot and therefore not a basis for dismissal.[24]

The defendants again raise this issue as an affirmative defense to the amended complaint, because – according to the defendants – the plaintiff did not make any representation in the amended complaint that he did not seek to apply Bankruptcy Code sections 548 and 550 extraterritorially. In response, the plaintiff argues that he "has already stated on the record that this issue is not relevant to this case, and this Court has already denied this issue as moot."[25] While this is an accurate statement, what is now before the Court is the *amended* complaint and affirmative defenses thereto. But nowhere in the amended complaint does the plaintiff make the representation made in his briefs opposing the defendants' motions to dismiss – that he is not seeking to avoid the transfer of any property located outside the United States, and that the transfers sought to be avoided and recovered do not require extraterritorial application of Bankruptcy Code sections 548 and 550. Thus, the

---

[24] *Bal Harbour Quarzo*, 634 B.R. at 838.
[25] ECF No. 156, at 7.

defendants' affirmative defense is entirely appropriate and is not "insufficient," "redundant, immaterial, impertinent, or scandalous."[26] The motion to strike this affirmative defense will therefore be denied as well.

As to the affirmative defense of failure to state a claim upon which relief can be granted, courts differ as to whether this is a proper affirmative defense or more appropriately characterized as a denial.[27] This Court believes the better reasoning is that failure to state a claim is an appropriate affirmative defense. Although this defense is usually raised by motion under Federal Rule of Civil Procedure 12(b)(6),[28] that is not the only way to raise it. Rule 12(b) states that "[e]very defense to a claim for relief in any pleading ***must be asserted in the responsive pleading if one is required***."[29] Rule 12(b) then goes on to list seven defenses (including failure to state a claim) that "a party may assert . . . by motion."[30] Thus, although listed as a defense that a party *may* assert by motion, "failure to state a claim upon which relief can be granted" is a clearly delineated "defense to a claim for relief" that must be asserted in an answer.[31] Rule 12(h)(2)(A) also states that failure to state a claim upon which relief can be granted ***"may be raised . . . in any pleading allowed or ordered***

---

[26] *See* Fed. R. Civ. P. 12(f).

[27] *Compare Zeron v. C & C Drywall Corp., Inc.*, 2009 WL 2461771, at *2 (S.D. Fla. 2009) (failure to state a claim is not an affirmative defense but rather a denial), *with S.E.C. v. Toomey*, 866 F. Supp. 719, 723 (S.D.N.Y. 1992) ("it is well settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer"). Even so, where courts construe failure to state a claim as a denial rather than an affirmative defense, "the proper remedy is not to strike the claim, but rather to treat is as a specific denial." *Zeron*, 2009 WL 2461771, at *2 (quoting *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834 (S.D. Fla. 2007)) (cleaned up).

[28] Made applicable here by Federal Rule of Bankruptcy Procedure 7012.

[29] Fed. R. Civ. P. 12(b) (emphasis added).

[30] *Id.*

[31] *Id.*

***under Rule 7(a)."***[32] That is exactly what the defendants did here – they raised failure to state a claim as an affirmative defense in their answer – which is a pleading allowed under Rule 7(a)(2).[33] Failure to state a claim is therefore an entirely appropriate affirmative defense to raise in an answer, so the Court will deny the motion to strike this affirmative defense as well.

Finally, in their last affirmative defense the defendants state that they "assert all defenses available under federal law and under any applicable state law," and then go on to include a broad reservation of rights to assert additional defenses.[34] Standing alone, a reservation of rights is harmless enough because notwithstanding any purported reservation, the "ability to amend . . . affirmative defenses is governed by the scheduling order required by Federal Rule of Civil Procedure 16(b), the timing rules of Federal Rules of Civil Procedure 12(b), and the amendment rules of Federal Rule of Civil Procedure 15(a) through (d)."[35] Thus, little purpose would be served in striking this equally "purposeless" defense.[36] But, this last affirmative defense does more than just seek to reserve the defendants' rights: this defense also purports to "assert all defenses available under federal law and under any applicable state law."[37] That is where the defense goes too far. Such a "catch-all defense" is clearly

---

[32] Fed. R. Civ. P. 12(h)(2)(A) (emphasis added).

[33] Rule 12(h) also notes that failure to state a claim can be raised in a motion for judgment on the pleadings under Rule 12(c) or at trial. Fed. R. Civ. P. 12(h)(2)(B), (C); *see also* Fed. R. Civ. P. 50 (judgment as a matter of law in a jury trial); Fed. R. Civ. P. 52(c) (judgment on partial findings in a bench trial).

[34] ECF No. 127, at 48.

[35] *Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162, at *1 (M.D. Fla. 2014).

[36] *Id.*

[37] ECF No. 127, at 48.

"insufficient," and "redundant" of the other affirmative defenses, and therefore must be stricken.[38]

Accordingly, it is

**ORDERED** that:

1.    *Plaintiff's Motion to Strike Certain Affirmative Defenses*[39] is **GRANTED IN PART AND DENIED IN PART**, as set forth herein.

2.    The Defendants' Twenty-Eighth Affirmative Defense[40] is **STRICKEN**.

3.    All other relief requested in the *Plaintiff's Motion to Strike Certain Affirmative Defenses* is **DENIED**.

### #

Copies furnished to all parties by CM/ECF.

---

[38] *See* Fed. R. Civ. P. 12(f).
[39] ECF No. 137.
[40] ECF No. 127, at 48.